UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

IAN McPARLAND, An Infant,
By MARIANNE RENOIS, His
Mother And Natural Guardian,

                                  Plaintiff,

- against -

COUNTY OF NASSAU, JAMES NELLIS
and HECTOR ROSARIO,

                                  Defendants.

JURY TRIAL DEMANDED

COMPLAINT

Case No.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

      Plaintiff IAN McPARLAND, an infant, by MARIANNE RENOIS, his mother and natural guardian, by attorney RALPH A. HUMMEL, as and for a Complaint against defendants COUNTY OF NASSAU, JAMES NELLIS and HECTOR ROSARIO, respectfully alleges as follows:

## JURISDICTION

      1. This civil action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

      2. The Court has over this civil action pursuant to 28 U.S.C. §§1343(3) and (4) and §1331.

1

## THE PARTIES

3. Plaintiff IAN McPARLAND is a natural person residing in the County of Nassau, State of New York which is within the Eastern District of New York.

4. At all times mentioned herein, plaintiff was and now is an infant, under eighteen (18) years of age.

5. This civil action is brought on behalf of said infant by MARIANNE RENOIS who is mother and natural guardian of said infant, with whom said infant resides.

6. MARIANNE RENOIS is a natural person residing in the County of Nassau, State of New York which is within the Eastern District of New York.

7. Defendant COUNTY OF NASSAU is a public governmental entity within the Eastern District of New York. Said defendant is referred to hereinafter as "COUNTY."

8. Upon information and belief, defendant JAMES NELLIS is a natural person residing and doing business in the Eastern District of New York. Said defendant is referred to hereinafter as "NELLIS."

9. Upon information and belief, defendant HECTOR ROSARIO is a natural person residing and doing business in the Eastern District of New York. Said defendant is referred to hereinafter as "ROSARIO."

THE MATERIAL FACTS

10. Defendant COUNTY operates and controls a governmental police force within the Eastern District of New York.

11. Defendant NELLIS is a police detective employed by COUNTY who acted at all times herein under color of state law in said official capacity.

12. Defendant ROSARIO is a police detective employed by COUNTY who acted at all times herein under color of state law in said official capacity.

13. Plaintiff was a student at New Hyde Park Memorial High School, a public high school at 500 Leonard Boulevard, New Hyde Park, New York which is located within the Eastern District of New York.

14. On or about April 18, 2016, a person whose identity is not known to plaintiff reported to Nassau County Police Department that plaintiff had committed a crime (i.e., violation of New York State Penal Law) and was a danger to the afore-named school and its students.

15. On said date, plaintiff was 16 years old.

16. On or about April 20, 2016 at approximately 7:30 a.m., two police detectives employed by defendant COUNTY (one of whom identified himself as defendant ROSARIO) visited plaintiff and plaintiff's family at their residence at 1547 New Hyde Park Drive, New Hyde Park, New York. Said police detectives interrogated plaintiff at that time and place. Said police detectives then searched plaintiff's residence, including plaintiff's personal bedroom and private areas.

17. Following said incident on said date, plaintiff went to school accompanied by his mother, MARIANNE RENOIS. During the morning of said date, plaintiff and his mother appeared at the school for the purpose of signing plaintiff out of school. On their way out of the office, while still on school grounds, plaintiff and his mother were approached by two police detectives employed by defendant COUNTY, one of whom they recognized as defendant ROSARIO. The police detectives escorted plaintiff and his mother outside to the sidewalk and notified plaintiff and his mother that the detectives were placing plaintiff under arrest. The police detectives then transported plaintiff to the Third Precinct of Nassau County Police Department.

18. While plaintiff was in police custody, approximately six uniformed police officers employed by defendant COUNTY visited plaintiff's home and requested permission to search plaintiff's residence. On advice of counsel, plaintiff's mother declined to grant such permission. Police officers and other employees of defendant COUNTY then sought a search warrant for such search. During a search of the residence which followed, all plaintiff's family members including plaintiff's elderly, ill grandmother were forced to vacate the residence. During said search, personal property belonging to plaintiff was seized and withheld by police officers and other employees of defendant COUNTY.

19. While in police custody on April 20, 2016, plaintiff experienced severe anxiety and required medical treatment. Plaintiff was transported from jail by employees of defendant COUNTY to the Nassau University Medical Center where, while still in police custody, plaintiff was treated for extreme anxiety.

20. On April 20, 2016, a police detective employed by defendant COUNTY (i.e., defendant NELLIS) filed a Felony Complaint and a Misdemeanor Information against plaintiff accusing plaintiff of committing two criminal offenses: i.e., the felony of "making a terroristic threat" (New York State Penal Code, §490.20) and the misdemeanor of "conspiracy in the fifth degree" (New York State Penal Code, §105.05[1]).

21. The following day (i.e., April 21, 2016), plaintiff was arraigned in court, during which arraignment bail was requested in the sum of $125,000.00 with installation of a global tracking system device ("GPS") and an Order of Protection. Bail was set by the court at $10,000.00, no GPS was required, and an Order of Protection was issued banning plaintiff from going near his school or its principal (Dr. RICHARD FACCIO).

22. At approximately 8:00 p.m. on April 21, 2016, plaintiff was released on bail from the Nassau County correctional facility in East Meadow, New York. At that time plaintiff had been in police and jail custody for approximately 35 hours.

23. Prior to arresting and jailing plaintiff, defendant COUNTY and its employees did not adequately investigate the report that plaintiff had committed a crime.

24. Prior to arresting and jailing plaintiff, defendant COUNTY and its employees did not have sufficient credible information plaintiff had committed a crime.

25. During the criminal prosecution of plaintiff on the foregoing charges, plaintiff was evaluated by a forensic psychiatrist (GLENN R. KALASH, D.O.) who, in a 10-page "Forensic Psychiatric Evaluation", concluded: "It is my professional

opinion, to a high degree of medical certainty, that [plaintiff] does not represent or pose a threat to the safety of others... [Plaintiff's] offense, "making a terrorist threat, a class D felony, on the grounds of his school on April 18, 2016 is inconsistent with his characterologic profile and psychiatric, social and behavioral history."

26. The criminal charges against plaintiff were presented to a Grand Jury in County of Nassau. On October 7, 2016, the Grand Jury dismissed the indictment against plaintiff. All criminal charges against plaintiff were confirmed dismissed in a Certificate of Disposition issued on October 28, 2016 by MAUREEN O'CONNELL, County Clerk of defendant COUNTY.

27. On November 30, 2016, plaintiff served a Notice of Claim on defendant COUNTY pursuant to General Municipal Law, §50-e for the claims alleged herein.

28. More than thirty days have elapsed since said date and said defendant has failed to settle, adjust or otherwise resolve plaintiff's claims.

AS AND FOR A FIRST CLAIM
AGAINST DEFENDANTS,
PLAINTIFF ALLEGES:

29. Plaintiff repeats, reiterates and realleges each and every allegation made in paragraphs 1 through 28 above, as if fully set forth herein.

30. Defendants committed conduct acting under color of state law.

31. Defendants' conduct deprived plaintiff of rights, privileges, and immunities secured by the Constitution of the United States.

32. Plaintiff suffered injury as a proximate result of defendants' conduct.

33. Plaintiff suffered pain and suffering, humiliation and emotional distress; plaintiff was arrested and deprived of his liberty; plaintiff was imprisoned and deprived of his liberty; plaintiff was subjected to multiple searches of his person; plaintiff was subjected to two separate searches of his residence including his personal bedroom and private areas; plaintiff's personal property was seized and withheld from plaintiff; and plaintiff was subjected to an Order of Protection which restricted plaintiff's liberty.

34. Plaintiff additionally incurred economic losses from having to post bail to obtain release from prison; plaintiff incurred attorney's fees in defending against the criminal prosecution; plaintiff incurred costs of forensic evaluation to defend against criminal prosecution; and plaintiff incurred a co-payment for medical treatment while in confinement.

35. Plaintiff has and will continue to incur injury and damages from impaired future employment and social stigma caused by the acts complained of herein.

36. Defendants committed conduct possessing a high degree of moral culpability, authorizing an award of punitive damages.

37. By reason of the foregoing, plaintiff IAN McPARLAND, an infant, appearing by MARIANNE RENOIS, his mother and natural guardian, is entitled to compensatory damages from defendants COUNTY OF NASSAU, JAMES NELLIS and HECTOR ROSARIO, jointly and severally, in the sum of Ten Million Dollars ($10,000,000.00) and, in addition thereto, to punitive damages in a sum to be determined by the judge or jury herein and all attorney's fees incurred herein.

AS AND FOR A SECOND CLAIM
AGAINST DEFENDANTS,
PLAINTIFF ALLEGES:

38. Plaintiff repeats, reiterates and realleges each and every allegation made in paragraphs 1 through 28 above, as if fully set forth herein.

39. Defendants intended to confine plaintiff.

40. Plaintiff was conscious of said confinement.

41. Plaintiff did not consent to said confinement.

42. The confinement of plaintiff was not otherwise privileged by law.

43. Plaintiff suffered injury from said confinement.

44. Defendants are jointly and severally liable for false imprisonment under New York State common law.

45. Defendants committed conduct possessing a high degree of moral culpability, authorizing an award of punitive damages.

46. By reason of the foregoing, plaintiff IAN McPARLAND, an infant, appearing by MARIANNE RENOIS, his mother and natural guardian, is entitled to compensatory damages from defendants COUNTY OF NASSAU, JAMES NELLIS and HECTOR ROSARIO, jointly and severally, in the sum of Ten Million Dollars ($10,000,000.00) and, in addition thereto, to punitive damages in a sum to be determined by the judge or jury herein.

### AS AND FOR A THIRD CLAIM AGAINST DEFENDANTS, PLAINTIFF ALLEGES:

47. Plaintiff repeats, reiterates and realleges each and every allegation made in paragraphs 1 through 28 above, as if fully set forth herein.

48. Defendants owed plaintiff a duty of care.

49. Defendants breached said duty of care.

50. Plaintiff suffered injury as a proximate result of defendants' breach.

51. Defendants are jointly and severally liable to plaintiff for negligence under New York State common law.

52. Defendants committed conduct so flagrant as to transcend mere carelessness and constitute willful or wanton negligence or recklessness, authorizing an award of punitive damages.

53. By reason of the foregoing, plaintiff IAN McPARLAND, an infant, appearing by MARIANNE RENOIS, his mother and natural guardian, is entitled to compensatory damages from defendants COUNTY OF NASSAU, JAMES NELLIS and HECTOR ROSARIO, jointly and severally, in the sum of Ten Million Dollars ($10,000,000.00) and, in addition thereto, to punitive damages in a sum to be determined by the judge or jury herein.

WHEREFORE, plaintiff IAN McPARLAND, an infant, by MARIANNE RENOIS, his mother and natural guardian, hereby demands judgment against defendants

COUNTY OF NASSAU, JAMES NELLIS and HECTOR ROSARIO, jointly and severally: (a) pursuant to the First Claim for compensatory damages in the sum of Ten Million Dollars ($10,000,000.00) and, in addition thereto, to punitive damages in a sum to be determined by the judge or jury herein and all attorney's fees incurred herein; (b) pursuant to the Second Claim for compensatory damages in the sum of Ten Million Dollars ($10,000,000.00) and, in addition thereto, to punitive damages in a sum to be determined by the judge or jury herein; (c) pursuant to the Third Claim for compensatory damages in the sum of Ten Million Dollars ($10,000,000.00) and, in addition thereto, to punitive damages in a sum to be determined by the judge or jury herein; and (d) for such other and further relief which as to this Court may seem just and proper, together with the costs and disbursements of this action.

PLAINTIFF DEMANDS TRIAL BY JURY OF ALL CLAIMS

Dated: March 13, 2017
       Woodbury, N.Y.

RALPH A. HUMMEL
Attorney for Plaintiff
Office & P.O. Address
137 Woodbury Road
Woodbury, New York 11797
(516) 367-4510