UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

COURT EXHIBIT
CV-17-1439
(4)

-------------------------------------------------------------------X

IAN McPARLAND, an Infant, by MARIANNE RENOIS,
his Mother and Natural Guardian,

                      Plaintiff,

          -against-

COUNTY OF NASSAU, JAMES NELLIS, and
HECTOR ROSARIO,

                  Defendants.

**VERDICT FORM**

CV 17-1439 (AKT)

-------------------------------------------------------------------X

**TOMLINSON, A. KATHLEEN, Magistrate Judge**

According to the principles of law as charged by the Court and the facts as you find them,

please answer the following questions:

<u>AS TO THE ALLEGED FEDERAL SECTION 1983 FALSE ARREST CLAIM:</u>

1.    Have the defendants Hector Rosario and James Nellis proved by a preponderance of the

evidence that they had probable cause to arrest the plaintiff Ian McParland on April 20, 2016 for

the crime of Making Terrorist Threats pursuant to New York Penal Law § 490.20?

               YES __✓__                NO _____

2.    Have the defendants Hector Rosario and James Nellis proved by a preponderance of the

evidence that they had probable cause to arrest the plaintiff Ian McParland on April 20, 2016 for

the crime of Conspiracy in the Fifth Degree pursuant to New York Penal Law § 105.05?

               YES _____                NO __✓__

## AS TO THE ALLEGED NEW YORK STATE
## COMMON LAW NEGLIGENCE CLAIM:

3. Did the plaintiff Ian McParland establish that the defendant Hector Rosario was negligent in investigating the allegations against the Plaintiff or in failing to obtain sufficient credible evidence that Plaintiff had committed a crime before arresting Ian McParland on April 20, 2016 for the crime of Making a Terroristic Threat pursuant to New York Penal Law § 490.20?

YES _____       NO √

4. Did the plaintiff Ian McParland establish that the defendant Hector Rosario was negligent in investigating the allegations against the Plaintiff or in failing to obtain sufficient credible evidence that Plaintiff had committed a crime before arresting Ian McParland on April 20, 2016 for the crime of Conspiracy in the Fifth Degree pursuant to New York Penal Law § 150.05?

YES √       NO _____

5. Did the plaintiff Ian McParland establish that the defendant James Nellis was negligent in investigating the allegations against the Plaintiff or in failing to obtain sufficient credible evidence that Plaintiff had committed a crime before arresting Ian McParland on April 20, 2016 for the crime of Making a Terroristic Threat pursuant to New York Penal Law § 490.20?

YES _____       NO √

6. Did the plaintiff Ian McParland establish that the defendant James Nellis was negligent in investigating the allegations against the Plaintiff or in failing to obtain sufficient credible

evidence that Plaintiff had committed a crime before arresting Ian McParland on April 20, 2016

for the crime of Conspiracy in the Fifth Degree pursuant to New York Penal Law § 150.05?

YES __✓__                    NO _____

If your answer to questions 1 and 2 is "NO," then you have found a verdict in favor of

plaintiff Ian McParland and against the defendants on the Federal Section 1983 false arrest claim

and the pendent state law claim of false arrest.

If your answer to questions 1 or 2 is "YES" then you have found a verdict in favor of the

defendants on the Federal Section 1983 false arrest claim and the pendent state law claim of false

arrest.

If your answer to questions 3 or 4 is "YES," then you have found a verdict in favor of

plaintiff Ian McParland and against defendant Hector Rosario on the common law negligence

claim.

If your answer to questions 3 and 4 is "NO," then you have found a verdict in favor of

defendant Hector Rosario on the common law negligence claim.

If your answer to questions 5 or 6 is "YES," then you have found a verdict in favor of

plaintiff Ian McParland and against defendant James Nellis on the common law negligence

claim.

If your answer to questions 5 and 6 is "NO," then you have found a verdict in favor of

defendant James Nellis on the common law negligence claim.

If you have reached a verdict in favor of plaintiff Ian McParland as to any of the claims, proceed to the appropriate damages questions below. Otherwise, cease deliberations. The foreperson should sign and date the verdict sheet and advise the Court by note that you are ready to return to the courtroom to announce your verdict.

## AS TO DAMAGES

### Compensatory Damages

7.      Please state the amount of damages, if any, you award to the plaintiff Ian McParland for his loss of liberty, pain and suffering, emotional distress and economic losses proximately caused by the actions of defendant Hector Rosario and/or James Nellis in arresting plaintiff on April 20, 2016.

$ _10,000._

### Punitive Damages

You are to consider the subject of punitive damages only with regard to the individual defendants Hector Rosario and James Nellis if you have found either or both to be liable on the causes of action.

8.      Do you award punitive damages to the plaintiff Ian McParland against defendant Hector Rosario ?

YES _____                    NO __✓__

If your answer to question 8 is "YES," please answer question 9. If your answer to question 8 is "NO," skip question 9 and proceed to question 10.

9.      We award punitive damages in favor of the plaintiff Ian McParland against the defendant Hector Rosario in the sum of:

$ _____

10.      Do you award punitive damages to the plaintiff Ian McParland against defendant James Nellis?

YES \_\_\_\_\_                NO \_✓\_\_\_

If your answer to question 10 is "YES," please answer question 11. If your answer to question 10 is "NO," cease deliberations. The foreperson should sign and date the Verdict Sheet and advise the Court by note that you are ready to return to the courtroom to announce your verdict.

11.      We award punitive damages in favor of the plaintiff Ian McParland against the defendant James Nellis in the sum of:

$ _____

Foreperson, please sign and date the verdict sheet and advise the Court by note that you are ready to return to the courtroom to announce your verdict.

5

Dated:  Central Islip, New York
        September 12, 2019

_____
              FOREPERSON

6